UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-151-RJC

| | |
|---|---|
| IN RE BESTWALL LLC, | |
| Debtor. | |
| OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS OF BESTWALL LLC, | ORDER |
| Appellant, | |
| v. | |
| BESTWALL LLC, | |
| Appellee. | |

**THIS MATTER** comes before the Court on the Notice of Appeal filed on April 7, 2021 by the Official Committee of Asbestos Claimants (Appellant), (Doc. No. 1), Appellant's Motion for Leave to Appeal the PIQ Order, (Doc. No. 2), Appellant's Supporting Briefs (Docs. Nos. 3, 5), and Bestwall LLC's (Appellee) Responsive Brief. (Doc. No. 4). This Court reviews the PIQ Order issued by the Bankruptcy Judge, (Order) Case No. 17-31795 (Bankr. Doc. No. 1670).

## I. BACKGROUND

On July 30, 2020, the Appellee in the bankruptcy case filed a Motion for Order Pursuant to Bankruptcy Rule 2004 Directing Submission of Personal Injury Questionnaires by Pending Mesothelioma Claimants (the "PIQ" Motion), which sought to serve a questionnaire by first class mail on the asbestos claimants with cases pending against the Appellee. (Bankr. Doc. No. 1236). Appellant objected to

1

the PIQ Motion on September 4, 2020. (Bankr. Doc. 1326). The Bankruptcy Court heard arguments on the PIQ Motion on January 21–22, 2021, and announced a ruling on March 4, 2021. The Bankruptcy Court entered the PIQ Order on March 23, 2021. (Bankr. Doc. No. 1670).

In its oral ruling, the Bankruptcy Court found that the personal injury questionnaire discovery appeared to be relevant to the issue of asbestos liability of the Appellee, as well as to the administration of the estate, plan formulation, and plan confirmation. (Doc. No. 4 Ex. A at 4). The Bankruptcy Court observed that the relief sought did "not fit neatly into Rule 2004, but the reality is that questionnaires have been used in mass tort bankruptcy cases across the country, including this Circuit, over the course of many years . . . ." (Id. at 4–5). The Court found that when courts had previously ordered the use of such questionnaires, those courts had not required the issuance of a subpoena as Appellant requested, likely because requiring a subpoena would cause confusion and delay. (Id. at 5–6). That Court noted that it had "the ultimate discretion whether to permit the use of Rule 2004 and courts have for various reasons done so despite the existence of pending litigation." (Id. at 6). The oral ruling found Appellant's suggestion that Appellee review its extensive database and only ask targeted questions about which it did not have answers, rather than sending the same questions to all claimants, to be impracticable and inefficient. (Id. at 7). Finding that the questionnaire was consistent with those previously ordered by other courts, while not creating undue delay, the Bankruptcy Court granted the motion. (Id. at 8–9).

On April 7, 2021, Appellant filed a Notice of Appeal of the Bankruptcy

Court's Order, (Doc. No. 1), asserting that the Bankruptcy Court erred by authorizing the PIQ Questionnaire. (Doc. No. 2 at 13). Specifically, Appellant first argues that the PIQ Order is a final order subject to appeal, because it decides with finality a discrete aspect of the case. (Doc. No. 3 at 16–17). Second, Appellant argues that in the alternative, the Court should exercise its discretion to permit the appeal under 28 U.S.C. § 158(a)(3). (Doc. No. 3 at 20). Appellant argues that reversing the PIQ Order would terminate the instant action and materially affect the underlying estimation proceeding. (Doc. No. 3 at 20). According to Appellant, Bankruptcy Rule 2004 only allows for deposition testimony or document production related to a deposition rather than the questionnaire, (Doc. No. 3 at 21–22), and the PIQ Order impermissibly allows the use of a mandatory injunction despite a lack of extraordinary circumstances. (Doc. No. 3 at 25–26). Appellant further argues that a substantial ground for difference in opinion exists here because discovery in a contested matter like this is procedurally improper to the extent that it proceeds under Bankruptcy Rule 2004, and that courts in this and other circuits have ruled similarly. (Doc. No. 3 at 28–32). Finally, Appellant argues that the appeal will materially advance the progress of the case, because a reversal of the PIQ Order would allow the parties to proceed without further delay. (Doc. No. 3 at 33).

In response, Appellee argues first that the PIQ Order is not a final order, as discovery orders are interlocutory and Fourth Circuit courts treats orders regarding Bankruptcy Rule 2004 as such. (Doc. No. 4 at 14–15). Specifically, Appellee argues that under the rule of finality as espoused in Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015) the PIQ Order changes little about the litigation, while stating

that Appellant cites no authority holding that a Bankruptcy Rule 2004 discovery order is a final judgment. (Doc. No. 4 at 16). Appellee then argues that the Court should not grant an interlocutory appeal either, because the issue raised is not a controlling question of law and is instead the application of a general rule to the case facts, (Doc. No. 4 at 18–19); the appeal presents no substantial ground for difference of opinion because these questionnaires have been repeatedly authorized including under Bankruptcy Rule 2004 and no courts have held to the contrary, (Doc. No. 4 at 23); and an immediate appeal would not advance the termination of the case because Appellee requires the information gained from the PIQ to present its full estimation case, while the Bankruptcy Court did not abuse its discretion in holding as much. (Doc. No. 4 at 26–27).

Appellant replies that cases such as <u>Mort Ranta v. Gorman</u>, 721 F.3d 241, 246 (4th Cir. 2013) cite to a "more pragmatic and less technical" definition of finality in bankruptcy than has been applied in traditional cases, (Doc. No. 5 at 8), such that the Court should consider how the PIQ Order circumvents the procedural protections inherent in third party discovery in traditional civil litigation. (Doc. No. 5 at 9–10). Appellant argues that no court has ruled on this specific PIQ question and that some bankruptcy courts have held similar motions to be final, including one court finding Bankruptcy Rule 2004 discovery order to be final. (Doc. No. 5 at 10–11) (citing <u>In re Hawley Coal Mining Corp.</u>, 47 B.R. 392, 393 (S.D.W. Va. 1984)). Furthermore, Appellant states that the PIQ Order is not a mere discovery order because it goes beyond the Bankruptcy Court's authorization, and it also forecloses claimants' ability to challenge the questionnaires in another court. (Doc. No. 5 at

4

12). Finally, Appellants reiterate that if the order is not final the PIQ Order still meets the standard for interlocutory appeal, being a legal question about the meaning of Bankruptcy Rule 2004, any delay would be mitigated and would not cause harm, and an appeal would assist the termination of the case by applying the correct law to the case here. (Doc. No. 5 at 17–19).

## II. STANDARD OF REVIEW

This Court has jurisdiction over "final judgments, orders, and decrees . . . and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S.C. § 158(a). Courts take a pragmatic view of finality in the bankruptcy context, such that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." In re Computer Learning Centers, Inc., 407 F.3d 656, 660 (4th Cir.2005) (citation omitted). When considering an appeal from the bankruptcy court, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992). Stated differently, decisions as to fact "made in the exercise of a bankruptcy court's discretion will not be set aside unless there is plain error or abuse of discretion." In re Suthers, 173 B.R. 570, 572 (Bankr. W.D. Va.1994) (internal citations omitted). District courts review de novo a bankruptcy court's conclusions of law. Johnson, 960 F.2d at 399.

## III. DISCUSSION

Although Appellant lists fifteen questions raised by this appeal, (Doc. No. 3 at 9–10), the Court begins with a threshold matter: whether the PIQ Order is a final order such that the Court has jurisdiction over the order in the first place.

As a general rule, discovery orders are not final decisions subject to immediate appeal. In re Bryson, 406 F.3d 284, 288 (4th Cir. 2005) (describing a discovery order as a "clearly interlocutory decision") (citation omitted). "This view has been followed by numerous courts in the context of bankruptcy, and specifically in the context of Rule 2004 orders." W.S. Badcock Corp. v. Beaman, No. 4:14-CV-169-BO, 2015 WL 575422, at *1 (E.D.N.C. Feb. 11, 2015) (citing In re: £Coleman Craten, LLC, 15 F. App'x 184 (4th Cir. 2001) (unpublished) (affirming dismissal of appeal of Rule 2004 order as interlocutory); In re Royce Homes LP, 466 B.R. 81, 89 (S.D. Tex. 2012) (noting "extensive case law holding bankruptcy discovery orders to be interlocutory"); In re Kaiser Grp. Int'l, Inc., 400 B.R. 140, 144 (D. Del. 2009) (noting that the majority of courts have concluded that Rule 2004 orders are interlocutory)). For the same reasons this Court, too, holds that the discovery order under Bankruptcy Rule 2004 here is interlocutory, as it does not finally dispose of a concrete issue in the case and is therefore not a final order under 28 U.S.C. § 158(a).[1]

---

[1] Appellant argues that the PIQ Order is a final order because it "decides with finality a discrete aspect of the Debtor's bankruptcy case—whether third-party asbestos claimants who have not subjected themselves to the bankruptcy court's jurisdiction may be forced to respond to burdensome and intrusive questionnaires mailed to their counsel that seeks information that is arguably already in the possession, custody, and control of the Debtor (or equally available to it) or would not be available to the Debtor in the state tort system." (Doc. No. 3 at 16). This argument is unpersuasive, because under its proposed formulation of finality, any Court ruling on whether a party must respond to a discovery request would decide with finality a discrete aspect of the case. Such a formulation would render nearly any discovery ruling a final appealable order – the opposite of the result that case law dictates. See In re Bryson, 406 F.3d at 288 (4th Cir. 2005) (describing a discovery order as a "clearly interlocutory decision") (citation omitted).

Appellant contends that, even if the PIQ Order is not a final order, this Court should nevertheless exercise its discretion to grant leave to appeal the order under 28 U.S.C. § 158(a)(3). (Doc. No. 3 at 19). To seek leave to appeal an interlocutory order, Appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc., 250 B.R. 74, 78 (E.D. Va. 2000) (citation omitted). "District courts employ an analysis similar to that employed by the Court of Appeals in certifying interlocutory review when deciding whether to grant leave to appeal an interlocutory order of the Bankruptcy Court." In re Biltmore Invs., Ltd., 538 B.R. 706, 710–11 (W.D.N.C. 2015). Courts generally will grant such an appeal only when all three of the following factors are met: 1) the appeal involves a controlling issue of law, 2) as to which there is substantial ground for a difference of opinion, and 3) an immediate appeal will materially advance the termination of the litigation. MacGregor v. Sink, Tr. for Duncan Morgan, LLC, No. 5:20-CV-210-BO, 2020 WL 3549990, at *2 (E.D.N.C. June 30, 2020) (citing Atl. Textile Grp., Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996); Weaver Cooke Const., LLC v. Randolph Stair & Rail Co., No. 5:14-CV-709-BR, 2014 WL 6460609, at *1 (E.D.N.C. Nov. 17, 2014)).

The first necessary factor is whether the PIQ Order involves a controlling question of law. Courts in the Fourth Circuit have described a "controlling question of law" as a "narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." KPMG Peat Marwick, L.L.P. v. Est. of Nelco, Ltd., Inc., 250 B.R. 74, 78 (E.D.

7

Va. 2000) (quoting Fannin v. CSX Transp. Inc., 873 F.2d 1438, 1989 WL 42583, *5 (4th Cir.1989) (unpublished)).  Appellant argues that the issue raised here is one of pure law; though Appellant cites fifteen total issues on appeal, undermining the argument that the appeal raises a narrow question of pure law, the Appellant's brief generally seems to raise as a proposed issue of law the question of whether Bankruptcy Rule 2004 allows Appellee to issue such a questionnaire.  (Doc. No. 3 at 21–25).  However, this issue is neither a narrow question of pure law nor would it be dispositive of the litigation if answered.

Bankruptcy Rule 2004(a) provides that the Bankruptcy Court "may" order the examination of any entity upon the motion of a party in interest.  By such phrasing, the rule's "plain meaning grants to bankruptcy courts complete discretion in determining whether a Rule 2004 examination is appropriate."  In re Ramadan, No. 11-02734-8-SWH, 2012 WL 1230272, at *2 (Bankr. E.D.N.C. Apr. 12, 2012) (citing McLaughlin v. McPhail, 707 F.2d 800, 804 (4th. Cir.1983) ("Rule 205 [now Rule 2004] commits to the sound discretion of the bankruptcy court the decision whether to require examination of a party.")).  Whether Appellee may issue the PIQ to claimants is therefore a question of discretion for the Bankruptcy Court, rather than a narrow issue of pure law.  Furthermore, even if it were an issue of pure law, it would not be dispositive of the litigation.  If Appellant were to win the appeal and the PIQ Order were overturned, the litigation would return to the Bankruptcy Court for the estimation proceeding, and Appellee would seek to gather the same information through different means while looking to present its estimation of the case, while the case proceeded as before.  (Doc. No. 3 at 33).  The underlying dispute

8

between the parties would be maintained and not diminished. In other words, the litigation would be neither practically nor legally resolved no matter the ruling on the PIQ Order.

The issue raised in this interlocutory appeal is neither a pure question of law nor is it dispositive of the litigation, and as such is not an appeal based on a controlling issue of law. KPMG, 250 B.R. at 78. It therefore fails the first of the three necessary factors for discretionary appeal, MacGregor, 2020 WL 3549990 at *2, such that this Court may end its analysis without need to examine the remaining two factors. Appellant has not shown that this is an exceptional case requiring interlocutory appeal, and moreover other Courts have previously approved and relied upon similar questionnaires to the one at issue here. See, e.g., In re Garlock Sealing Techs., LLC, 504 B.R. 71 (Bankr. W.D.N.C. 2014); In re Specialty Prod. Holding Corp., No. BR 10-11779-JKF, 2013 WL 2177694 (Bankr. D. Del. May 20, 2013). Finding neither that the PIQ Order is a final order for the purposes of 28 U.S.C. § 158(a)(1), nor that leave should be granted for interlocutory appeal under 28 U.S.C. § 158(a)(3), this Court will deny Appellant's motion. Beaman, 2015 WL 575422 at *2 ("Because appellant has not shown that this is an exceptional case that would justify certification of an interlocutory appeal, the Court in its discretion denies appellant's request.") (citing Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc., 317 F.2d 741, 743 (4th Cir.1963); In re Tullius, 500 F. App'x 286, 292 (5th Cir.2012) ("federal district courts have routinely declined to ... allow immediate appeal of a bankruptcy court's discovery orders.")).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Appellant Official Committee of Asbestos Claimants of Bestwall LLC's Motion for Leave to Appeal, (Doc. No. 2), is **DENIED**;

2. The Bankruptcy Court's PIQ Order, (Bankr. Doc. No. 1670) (Doc. No. 1-1) is **AFFIRMED**.

**SO ORDERED**.

Signed: May 7, 2021

Robert J. Conrad, Jr.
United States District Judge