| | |
|---|---|
| IN RE BESTWALL LLC,<br><br>Debtor.<br><br>OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS OF BESTWALL LLC,<br><br>Appellant,<br><br>v.<br><br>BESTWALL LLC,<br><br>Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     <u>**ORDER**</u> |

**THIS MATTER** comes before the Court on the Appellant's Motion for Rehearing of the Court's May 10, 2021 Order Pursuant to Rule 8022 of the Federal Rules of Bankruptcy Procedure, filed before this Court on May 24, 2021 (the "Motion"). (Doc. No. 14). This Court has reviewed the Motion and applicable law. For the reasons stated herein, the Motion is **GRANTED IN PART** and **DENIED IN PART** and the Appellant's appeal of the Bankruptcy Court's PIQ Order (Bankr. Case No. 17-31795, Bankr. Doc. No. 1670) is **DISMISSED**.

I. **BACKGROUND**

On July 30, 2020, the Appellee filed in its bankruptcy case a Motion for Order Pursuant to Bankruptcy Rule 2004 Directing Submission of Personal Injury Questionnaires by Pending Mesothelioma Claimants (the "PIQ Motion"), which it sought to serve on the asbestos claimants with cases pending against the Appellee. (Bankr. Doc. No. 1236). Appellant objected to the PIQ Motion on September 4, 2020. (Bankr. Doc. 1326). The Bankruptcy Court granted the PIQ Motion on March 23, 2021 ("PIQ Order"). (Bankr. Doc. No. 1670).

On April 7, 2021, Appellant filed a Notice of Appeal and Motion for Leave to Appeal the PIQ Order, asserting that the Bankruptcy Court erred by granting the PIQ Motion. (Doc. Nos. 1-2). As to the Court's jurisdiction to hear the appeal, Appellant first argued the PIQ Order is a final order subject to appeal and alternatively that the Court should exercise its discretion to permit an interlocutory appeal under 28 U.S.C. § 158(a)(3). (Doc. No. 3 at 16–17, 20). On May 10, 2021, this Court entered an Order concluding the Bankruptcy Court's PIQ Order is not a final appealable order and denying Appellant's Motion for Leave to appeal the order under 28 U.S.C. § 158(a)(3) (the "Order"). (Doc. No. 11). The Order affirmed the Bankruptcy Court's PIQ Order. *Id.*

Appellant filed its Motion for Rehearing of the Order on May 24, 2021. (Doc. No. 14). The Motion requests the Court (1) grant a rehearing on the Committee's appeal of the PIQ Order, and (2) revise the Court's Order denying Appellant's Motion for Leave to Appeal to delete paragraph 2 of the Order's conclusion affirming the Bankruptcy Court or to otherwise clarify that Appellant is not foreclosed from appealing the PIQ Order in connection with any final order. *Id.*

**II.    DISCUSSION**

This Court has jurisdiction over "final judgments, orders, and decrees . . . and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S.C. § 158(a). Pursuant to Federal Rule of Bankruptcy Procedure 8022, a party may file a motion for rehearing to the district court within 14 days after entry of judgment on appeal. "The motion must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." Fed. R. Bankr. P. 8022. If a motion for rehearing is granted, the district court may, among other things, "make a final disposition without reargument" or "issue any other appropriate order." *Id.* "Although Rule 8022 does not specify the appropriate standard for granting a motion for rehearing, district courts within the jurisdiction of the United States Court of Appeals for the Fourth Circuit have applied the same standard applicable to motions for

reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure."[1] *Gillis v. Wells Fargo Home Mortg.*, No. 3:19cv875, 2020 WL 2115879, at *2 (E.D. Va. May 4, 2020).

In the Fourth Circuit, "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotations omitted). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." *Id.* (internal citation omitted). The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" *Woodrum v. Thomas Mem'l Hosp. Found., Inc.*, 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (internal quotations omitted).

The Appellant's Motion for Rehearing does not challenge the Court's jurisdictional decisions that the PIQ Order is not a final order for the purposes of 28 U.S.C. § 158(a)(1) and its denial of leave for an interlocutory appeal under 28 U.S.C. § 158(a)(3). To extent to the Motion asks the Court to reconsider those decisions the Motion is denied. As to the jurisdictional decisions, the Motion does not present facts or law that the Court overlooked or misapprehended as required under Federal Rule Bankruptcy Procedure 8022. For the reasons fully explained in the Court's May 10, 2021 Order (Doc. No. 11), the Court concludes that the PIQ Order is not a final order for the purposes of 28 U.S.C. § 158(a)(1) and will not exercise its discretion for an

---

[1] Courts have also cited to standards under Federal Rule Civil Procedure 60 and the Federal Rule of Appellate Procedure 40 when considering motions for rehearing under Federal Rule of Bankruptcy Procedure 8022. *See Gillis,* 2020 WL 2115879, at *3; *Dang v. Bank of America, N.A.*, No. RDB-12-3343, 2013 WL 2581432, at *1-2 (D. Md. June 10, 2013). Here, under any of these standards the result is the same.

interlocutory appeal under 28 U.S.C. § 158(a)(3).

However, because the Court determined it did not have jurisdiction under 28 U.S.C. § 158(a)(1) and declined to exercise jurisdiction under 28 U.S.C. § 158(a)(3), the Court did not consider the merits of the appeal of the PIQ Order. Therefore, the Motion is granted to the extent it requests the Court to reconsider its affirmance of the Bankruptcy Court's PIQ Order. The Court will not exercise jurisdiction to hear the merits of the appeal of the PIQ Order and does not affirm the PIQ Order. The Court's May 10, 2021 Order shall not foreclose the Appellant from appealing the PIQ Order in connection with any final order.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Appellant The Official Committee of Asbestos Claimants' Motion for Rehearing of the Court's May 10, 2021 Order Pursuant to Rule 8022 of the Federal Rules of Bankruptcy Procedure (Doc. No. 14) is **GRANTED IN PART** and **DENIED IN PART**;

2. The Appellant's appeal of the Bankruptcy Court's PIQ Order (Bankr. Doc. No. 1670) is **DISMISSED**. The Clerk of Court is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

Signed: November 1, 2021

Robert J. Conrad, Jr.
United States District Judge